# UNITED STATES DISTRICT COURT
# FOR THE SOUTHERN DISTRICT OF INDIANA
# INDIANAPOLIS DIVISION

| | |
|---|---|
| KELLY R. PARTLOW, individually and on behalf of others similarly situated, | ) **CLASS ACTION COMPLAINT** ) |
| Plaintiff | ) **FLSA COLLECTIVE ACTION** ) **COMPLAINT UNDER** |
| vs. | ) **29 USC § 216(b)** ) |
| JERRY ASHER in his official capacity, as Howard County Sheriff, | ) **CASE NO. 1:22-CV-01467** ) ) |
| Defendant | ) |

*PLAINTIFF'S COMBINED CLASS ACTION AND FLSA COLLECTIVE ACTION COMPLAINT FOR DAMAGES*

*I. INTRODUCTION*

Plaintiff Kelly R. Partlow ("Partlow") brings this combined Rule 23 class action and FLSA collective action lawsuit against Defendant Jerry Asher in his official capacity as Howard County Sheriff[1] ("Asher") to address class-wide wage and hour and overtime violations committed by Asher against her and her fellow Asher coworkers who work or worked for Asher at the Howard County Criminal Justice Center located at 1800 W. Markland Avenue, Kokomo, Indiana (hereinafter "Howard County Jail"). Partlow will serve as the representative plaintiff in the Rule 23 class action and FLSA collective action.

Specifically, Asher has been systematically underpaying wages and overtime wages to Partlow and similarly situated hourly paid workers. Asher operates the Howard County Jail on a continuous basis. Asher pays his Howard County Jail employees on an hourly basis. Asher requires employees to work twelve hour shifts which are officially scheduled from 6:00 a.m. to

---

[1] Sheriff Asher has to be the defendant, because he is the elected Howard County Sheriff.

1

6:00 p.m. or, *vice versa*, from 6:00 p.m. to 6:00 a.m. Howard County Jail employees generally work 2 days on, then 2 days off. This results in employees either working 4 twelve hour shifts in a week (48 hours in a week) or 3 twelve hour shifts in a week (36 hours in a week). This means that workers work and are paid, at a minimum, for eight (8) or more hours of overtime in one of every two weeks. Asher requires Howard County Jail employees to report to a mandatory work meeting it calls "Roll Call" fifteen full minutes prior to the start of any work shift. Asher requires employees to be fully dressed in uniforms and to be clocked in to work fifteen minutes prior to the official shift scheduled time. The meeting is conducted by a Howard County Jail supervisor, usually if not always, the Sergeant. Workers are given work instructions, necessary information for the day, and are told about any changes on the units from the shift before.

Despite the fact that the "Roll Call" meetings are mandatory, believed to be recorded on the Howard County Jail time clock, and conducted by the Jail Commander or another Howard County Jail supervisor, Asher has willfully refused to pay Partlow and its other Howard County Jail employees for this fifteen (15) minute period of time each shift. At a very minimum, Asher fails to pay each employee for 1.75 compensable and recorded work hours every two weeks and fails to pay each employee for 1.0 overtime hours in one of every two weeks.

Additionally, Asher's time-clock rounding policy, procedure, and practice is used in such a manner that it results, over a period of time, in the failure to compensate employees properly for all time worked, resulting in regular wage and overtime violations.

All hours worked and clocked by Howard County Jail employees, including Partlow, including the 15 minute "Roll Call" meeting time at the beginning of each shift, is work and is compensable under the Fair Labor Standards Act ("FLSA") and the Indiana Wage Payment Statute. Further, the mandatory 15 minute meeting at the beginning of each shift marks each

employee's first principal activity at the start of his/her continuous work day, meaning, Asher was obligated to pay each employee from the moment he/she clocked in and/or began the 15 minute mandatory meeting.

Partlow, individually and on behalf of all others similarly situated, brings this lawsuit as: (a) a collective action under the Fair Labor Standards Act ("FLSA"), 29 U.S.C. § 201, *et seq.*, to recover unpaid overtime wages owed to Partlow and all other similarly situated workers employed by Asher; and (b) a Rule 23 class action under Indiana state law, including the Indiana Wage Payment Statute ("IWPS), I.C. § 22-2-5-1, *et seq*.

Partlow's class action and FLSA collective action claims based upon Asher's class-wide failure to pay employees for obvious and recorded work hours, and failure to pay wages based upon a continuous workday, will be perfect for class and collective action treatment and will be easy to prove. Asher's wage and hour violations will be will be shown based upon a comparison of its time clock records and the face of pay stubs Asher issues to its employees.

## II. FACTUAL ALLEGATIONS

1. Partlow is a resident of the State of Indiana and is domiciled in Kokomo, Howard County, Indiana.

2. Asher operates the Howard County Jail located in Kokomo, Indiana. Partlow has been and continues to work for Asher at the Howard County Jail as a corrections officer since January of 2017.

3. At all times during her employment with Asher, Partlow has been paid wages on an hourly basis and treated as a non-exempt employee.

4. As described above, Asher is and has been underpaying wages and overtime compensation to its hourly-paid workers at its Howard County Jail on a systematic, class-wide

3

basis. Asher is intentionally refusing to pay wages for daily 15 minute mandatory work meetings. In so doing, in many weeks, generally half of the work weeks each year, Asher failed to pay Partlow and her Howard County Jail coworkers for 1.0 hour or more of overtime compensation for time spent in the 15 minute mandatory meetings.

5. As described in the Introduction above, Asher has been systematically underpaying wages and overtime wages to Partlow and similarly situated hourly paid workers. Asher operates its Howard County Jail on a continuous basis. Asher requires its employees to work twelve hour shifts which officially run from 6:00 a.m. to 6:00 p.m. or, vice versa, from 6:00 p.m. to 6:00 a.m. Asher's Howard County Jail employees work 7 of every 14 days, a typical "2 on and 2 off" schedule. This means that workers work and are paid, at a minimum, for eight (8) or more hours of overtime in one of every two weeks.[2] Asher requires its Howard County Jail employees to report to a mandatory work meeting it calls "Roll Call" fifteen full minutes prior to the start of any work shift. Asher requires employees to be fully dressed in uniforms and to be clocked in to work fifteen minutes prior to the official shift scheduled time. The meeting is conducted by a Howard County Jail supervisor, usually if not always, the Sergeant. Workers are given work instructions, necessary information for the day, and are told about any changes on the units from the shift before.

6. Despite the fact that the "Roll Call" meetings are mandatory, recorded on the Howard County Jail time clock, and conducted by the Jail Commander or another Howard County Jail supervisor, Asher has willfully refused to pay Partlow and his other Howard County Jail employees for this fifteen (15) minute period of time each shift. At a very minimum, Asher

---

[2]This does not include extra shifts or extra hours Asher would ask Partlow or her coworkers to work.

4

fails to pay each employee for 1.75 compensable and recorded work hours every two weeks. At a minimum, Asher fails to pay each employee for 1.0 overtime hours in one of every two weeks.

7. The 15 minute meeting time at the beginning of each shift is work and is compensable under the Fair Labor Standards Act ("FLSA") and the Indiana Wage Payment Statute. Further, the mandatory 15 minute meeting at the beginning of each shift marks each employee's first principal activity at the start of his/her continuous work day, meaning, Asher was obligated to pay each employee from the moment he/she clocked in and began the 15 minute mandatory meeting.

8. Additionally, Asher utilizes a computerized system which tracks the exact time (by the minute) an hourly employee clocks in and clocks out of work.

9. Even though Asher maintains a system which records, to the minute, the time an employee clocks in and clocks out, Asher utilizes a rounding system in computing payroll which rounds to the closest 15-minute interval.

10. For example, an employee who clocks in between 5:53 a.m. and 6:07 a.m. will be treated by Asher's payroll computations as having clocked in at 6:00 a.m.

11. Asher utilizes the same rounding system for clock outs.

12. For example, an employee who clocks out between 6:08 p.m. and 6:22 p.m. will be treated by Asher's payroll computations as having clocked out at 6:15 p.m.

13. Viewed in a vacuum, the rounding system utilized by Asher appears to neither favor Asher nor his employees as Asher utilize the same rounding system when an employee clocks in or out.

14. However, Asher utilizes an attendance and/or disciplinary policy to alter the seemingly neutral rounding system in a manner which transforms Asher's rounding system into a

system that is substantially rigged in Asher's favor. As a result, Partlow and similarly situated employees are not able to benefit from Defendants' rounding system; instead, the rounding system results over a period of time, in the failure to pay Partlow and similarly situated employees for all hours worked.

15. Pursuant to Asher's policies, Partlow and all similarly situated employees are subject to discipline if they clock in after the start of their shift.

16. To provide another example of one of the policies utilized by Asher to rig its rounding system, Asher's employee handbook states under "Work Time Restricted":

> Non-exempt employees should report to work no more than seven (7) minutes prior to their scheduled start time, nor stay more than seven (7) minutes after their scheduled stop time, without prior authorization from their elected official/department head. Deviations of up to seven (7) minutes will not have an impact on overtime, compensatory time or a reduction in pay calculations. Consistent non-compliance with scheduled work hours will be considered in employee evaluations.

17. The very next policy set out in Asher's employee handbook states as follows:

> Time is to be recorded to the quarter (1/4) hour, using the seven (7) minute rule (i.e. leeway of seven [7] minutes before and seven [7] minutes after scheduled start and stop times). All employee work commenced more than seven (7) minutes before the start time work hour will be paid on a quarter hour schedule; all employee work continued more than seven (7) minutes after the end of the last work hour will be paid on a quarter (1/4) hour schedule.

18. These two policies, in conjunction with one another and Howard County Jail's disciplinary policies related to tardiness, make it certain that Howard County Jail employees will: a) never be paid for their time worked up to 7 minutes before and up to 7 minutes after each shift; and b) never work more than 7 minutes before or after each shift in order to trigger a rounding in the employee's favor and thus get paid for an additional 15 minutes of work time.

19. Accordingly, at the start of an employee's shift, Asher's rounding system is

rigged in favor of Asher because Asher utilizes his attendance and disciplinary policies to ensure that, most of the time, the rounding which occurs at the start of the shift decreases the compensable time Asher pays these employees.

20. Asher and all similarly situated employees do not typically leave work early; instead they routinely leave work and clock out between the end of their shift and 7 minutes thereafter (pursuant to the policy described in Paragraph 16 above). Accordingly, at the end of an employee's shift, Asher's rounding system is rigged in favor of Asher because the rounding which occurs at the end of their shift decreases the amount of compensable time for which Asher pays his employees.

21. In sum, Asher's time-clock rounding policy, procedure, and practice is used in such a manner that it results, over a period of time, in the failure to compensate their employees properly for all time they have actually worked, including overtime wages.

22. All of the time Asher's Howard County Jail employees spend at work, from first to last principal activity of each day, is work time and must be compensated under the FLSA and Indiana law.

23. Pursuant to its systematic, class-wide policies and practice, Asher is not compensating its hourly-paid Howard County Jail workers for all work time at the beginning of each employee's work day, particularly the recorded and required "Roll Call" meetings conducted by the Howard County Jail supervisors.

24. Asher intentionally and knowingly violated Partlow and all hourly paid Howard County Jail workers' rights to earned wages through Asher's conscious and deliberate decision not to pay employees for all work time via its unlawful rounding policies and not to pay for time spent in daily "Roll Call" meetings.

25. As described above, Partlow regularly worked in excess of forty hours and was owed additional overtime compensation based upon Asher's unlawful failure to pay Partlow for all of her compensable work hours. In every work week, regardless of overtime, Partlow and her fellow hourly paid Howard County Jail workers lost wages as a result of Asher's failure to pay for all work hours. Moreover, in every work week involving more than forty hours of work, Partlow and her fellow hourly paid Howard County Jail workers lost overtime wages as a result of Asher's failure to pay for all work hours.

26. Partlow is expressly alleging that Asher acted in bad faith in violating his hourly paid workers' rights under the FLSA and the Indiana Wage Payment Statute, and that Asher certainly did not seek to comply with the Indiana Wage Payment Statute in good faith.

27. By way of this Complaint, Partlow seeks for herself and for all other similarly situated hourly paid Howard County Jail workers, all unpaid wages, all unpaid overtime, all available statutory damages, including all liquidated damages, and payment of her reasonable attorneys' fees, costs and expenses.

### III. CLASS AND COLLECTIVE ACTION ALLEGATIONS

28. Partlow incorporates herein by reference paragraphs 1 - 27 above.

29. Partlow is pursuing claims individually, but this Complaint is brought also as a collective action and as a class action on behalf of other current and former Asher employees who work or worked at the Howard County Jail and who were similarly denied payment of wages and overtime compensation under Asher's compensation scheme that involved failure to pay for all work time, including from the first principal activity each day - the mandatory "Roll Call" meeting - through the last principal activity each day.

30. This action is filed as a collective action pursuant to Section 16(b) of the Fair

8

Labor Standards Act, 29 USC § 216(b), on behalf of Partlow and all of Asher's current and former hourly-paid Howard County Jail employees who were damaged by Asher's compensation system which required and resulted in uncompensated overtime work. By virtue of the "collective action," Partlow represents the identical and/or similar interests of former and current coworkers denied wages and overtime compensation under the same circumstances. Partlow anticipates that other Asher employees and former employees will opt in to the action.

31. With respect to FRCP 23(b)(3) class action claims under the Indiana Wage Payment Statute, Partlow will serve as class representative over a proposed class. The class will be as follows:

> Partlow will serve as class representative for the class-wide claims brought under the Indiana Wage Payment Statute. This Court has supplemental jurisdiction over Partlow's Indiana statutory wage claims. This action is filed as a class action pursuant to Rule 23 of the Federal Rules of Civil Procedure on behalf of Partlow and on behalf of all eligible Asher hourly paid workers at the Howard County Jail (who voluntarily resigned) who work or worked for Asher and were damaged by Asher's compensation system which required and resulted in uncompensated work performed by hourly-paid employees. This case particularly focuses upon Asher's unlawful rounding policies and practices and Asher's failure and refusal to pay workers for each shift's mandatory "Roll Call" conducted by a Howard County Jail supervisor. By virtue of the class action, Partlow represents the identical and/or similar interests of former and current coworkers denied wages under the same circumstances.

32. Based upon information and belief, the number of potential class members is believed to be more than eighty individuals, however, the actual number of Asher's current and former employees who will be members of this collective action/class action is so great (numerosity) that joinder of all members is impractical. Instead, Partlow will pursue discovery to obtain the names of the other current and former Asher employees, to provide notice of the collective action, and to offer the opt in opportunity, and to provide notice of the class action and to offer the opt out opportunity.

33. Particularly with the types of wage claims and practices at issue in this case, there are questions of law and fact that are common to the entire collective group/class.

34. Partlow's claims are typical of the claims of the whole collective group of current and former Asher hourly-paid Howard County Jail employees harmed by Asher's illegal wage practices. Partlow's claims are typical of the claims of the whole class of current and former hourly-paid Howard County Jail employees harmed by Asher's illegal wage practices.

35. Partlow will act to fairly and adequately protect the interests of the entire collective group of current and former Asher employees. Partlow will act to fairly and adequately protect the interests of the entire Rule 23 class of current and former Asher employees who work or worked in the Howard County Jail.

36. A "combined"[3] collective action/class action is superior to other available means for the fair and efficient prosecution of these wage claims against Asher. For example, to prove Asher's illegal wage practices, Partlow and other members of this collective group/class would seek in discovery records about all similarly situated current and former hourly-paid Howard County Jail employees who were similarly denied earned wages and overtime compensation under Asher's compensation system which resulted in uncompensated work and underpayment of overtime wages. Individual lawsuits by the members of the collective group/class could lead to 1) inconsistent or varying outcomes in the cases, 2) duplicitous discovery, or 3) competition for limited funds. Further, as a practical matter, the first litigant to trial may achieve a result which would have bearing on all of the other individuals in the group.

37. A determination regarding the "similarness" of those able to participate in the collective action/class action would also allow litigation of claims that may not otherwise be cost

effective, depending upon the amount of each individual group member's damages. Particularly with the type of FLSA and Indiana statutory wage violations at issue in this litigation, some, if not most, of the individual group members may not be aware of their rights to their wages under the FLSA and Indiana law, or may not, because of financial means or experience, be in a position to seek the assistance of counsel to commence individual litigation.

38. A combined collective action/class action will result in an orderly and expeditious administration of the class members' claims, and economies of time, court resources, effort and expense, and uniformity of decisions will be assured.

39. Because Asher's compensation system which required and resulted in uncompensated work and underpaid overtime wages to hourly-paid employees results in wage violations that trigger issues of both federal and state law, this cause of action presents the ideal factual scenario supporting the Court's exercise over the supplemental state law claims, as common state and federal law issues predominate.

### IV. JURISDICTION AND VENUE

40. This Court has jurisdiction over Partlow's FLSA claims under 28 USC § 1331 as those FLSA claims raise questions of federal law. See 29 USC § 201 et seq. The Court has supplemental jurisdiction over Asher's Indiana law claims, which have a common basis in fact with her own and the other Plaintiff class members' FLSA claims.

41. This Court is the appropriate venue for this cause of action as Partlow worked for Asher at its Howard County Jail located in Howard County, Indiana and most of the illegal activity took place in the Southern District of Indiana. 28 USC § 1391.

### V. STATEMENT OF CLAIMS

---

[3]See *Ervin v. OS Restaurant Services, Inc.*, 632 F.3d 971, 973-974 (7th Cir. 2011)

### A. Fair Labor Standards Act Claims

42. Partlow incorporates herein by reference paragraphs 1 through 41 above.

43. Asher, in his official capacity as Howard County Sheriff is a "public agency" as that term is defined by the FLSA, and Asher is covered by the overtime provisions of the FLSA. Asher is an "employer," as that term is defined by the FLSA. Finally, Asher is a "person" as that term is defined by the FLSA.

44. Asher violated Partlow's rights and the rights of all members of the Plaintiff Class to be properly paid overtime wages in a manner required by the FLSA. Asher has committed overtime violations by failing to pay Partlow and her similarly situated coworkers for all overtime hours of work, particularly as Asher was unlawfully rounding work hours and requiring all employees to report and clock in for a mandatory shift-beginning meeting conducted by a supervisor regularly during weeks in which overtime was worked and Asher significantly underpaid overtime wages based upon its unlawful failure to pay for all work hours from a first principal activity to a last principal activity each work day.

45. Asher has repeatedly violated the FLSA's overtime provisions by not paying Partlow and members of the Plaintiff Class for all hours and at the required overtime compensation rate for all hours worked over 40 in a work week.

46. Asher's failure to comply with the FLSA's provisions regarding overtime compensation is willful and without justification, and subjects Asher to a three-year statute of limitations.

47. Partlow and the Plaintiff Class seek all available damages, including unpaid wages, unpaid overtime compensation, liquidated damages, payment of reasonable attorney's fees, costs and expenses, and any and all other damages to which they may be entitled for

Asher's violations of their rights under the Fair Labor Standards Act.

### B. Indiana Wage Payment Statute Claims

48. Partlow incorporates herein by reference paragraphs 1 through 47 above.

49. Partlow has a statutory wage claim arising under the Indiana Wage Payment Statute, I.C. 22-2-5. Partlow is the named Plaintiff who represents the same or similar interests of all current Asher hourly-paid employees at his Howard County Jail and all of Asher's former hourly-paid Howard County Jail employees who voluntarily resigned from employment.

50. By way of this Claim, Partlow is seeking, individually and on behalf of members of the Plaintiff Class of current and former Asher Howard County Jail hourly-paid employees (who voluntarily resigned from employment), all available damages, including all unpaid wages, all underpaid wages, all available liquidated (treble damages), all attorney's fees, costs and expenses, plus any other damage to which Liston and his fellow Plaintiff Class members may be entitled pursuant to law. Pursuant to I.C. 22-2-5-2, Partlow is seeking, individually and on behalf of members of the Plaintiff Class, payment of unpaid wages, underpaid wages, plus all available damages, including, but not limited to, double the amount of wages due as an additional monetary damage, plus all attorney's fees, costs and expenses. Partlow further expressly asserts and alleges that Asher acted in bad faith, and certainly was not acting or seeking to comply with the Indiana Wage Payment Statute in "good faith," when he intentionally created a wage scheme that did not compensate hourly paid workers for all work hours from a first principal activity until a last principal activity each work day (including hours spent in mandatory work meetings at the start of each work shift) , all of which resulted in underpaid wages on a class-wide basis.

### VI. PRAYER FOR RELIEF

WHEREFORE, Partlow respectfully requests that the Court enter judgment against Asher and issue all available relief to him and to all eligible members of the Plaintiff Class, including, but not limited to, the following:

1. All damages available under the FLSA, including all unpaid overtime wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

2. All damages available under the Indiana Wage Payment Statute, including all unpaid wages, all liquidated damages, and payment of all reasonable attorney's fees, costs and expenses;

3. All unpaid and underpaid wages;

4. All reasonable attorney's fees and expenses;

5. Costs;

6. Prejudgment interest, if available; and

7. Any and all other relief just and proper in the premises.

Respectfully submitted,

HASSLER KONDRAS MILLER LLP


By/s/Robert P. Kondras, Jr.
Robert P. Kondras, Jr.
Attorney No. 18038-84
100 Cherry Street
Terre Haute, IN 47807
(812) 232-9691
Facsimile: (812) 234-2881
kondras@hkmlawfirm.com


The Law Office of Robert J. Hunt, LLC

/s/Robert J. Hunt
Robert J. Hunt (#30686-49)
The Law Office of Robert J. Hunt, LLC
1905 South New Market St., Ste. 168
Carmel, Indiana 46032
Telephone:  (317) 743-0614
Facsimile:  (317) 743-0615
E-mail:  rob@indianawagelaw.com

Attorneys for Plaintiff