UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF INDIANA
INDIANAPOLIS DIVISION

| | |
|---|---|
| KELLY R. PARTLOW individually and on behalf of others similarly situated, | )<br>)<br>) |
| Plaintiff, | )<br>) |
| v. | ) No. 1:22-cv-01467-TWP-MKK<br>) |
| JERRY ASHER in his official capacity, as Howard County Sheriff, | )<br>)<br>) |
| Defendant. | )<br>) |

## ORDER GRANTING MOTION FOR FINAL APPROVAL OF CLASS SETTLEMENT AND ENTERING FINAL JUDGMENT

On March 4, 2025, a hearing was held on Plaintiff's Unopposed Motion for Final Approval of Class Settlement and Unopposed Memorandum of Law in Support of Motion for Final Approval of Class Counsel's Attorney's Fees and Class Representative Payments seeking final approval of the Parties' class settlement.

The parties have submitted their Settlement Agreement ("Settlement") (Filing No. 100-1), which this Court preliminarily approved by its November 14, 2024 order (Filing No. 102) ("Preliminary Approval Order"). In accordance with the Preliminary Approval Order, Class Members have been given notice of the terms of the Settlement and the opportunity to object to it or to exclude themselves from its provisions.

All capitalized terms not otherwise defined in this Order shall have the same meaning as defined in the Settlement.

Having received and considered the Settlement, the supporting papers filed by the plaintiff Kelly R. Partlow, and the evidence and argument received by the Court before it entered the Preliminary Approval Order, in connection with Plaintiff's Unopposed Motion for Final Approval of Class Settlement, and at the final approval hearing on March 4, 2025, the Court grants final

approval of the Settlement, and HEREBY ORDERS and MAKES DETERMINATIONS as follows:

1.  A class of persons meeting the following definition is hereby finally approved and certified solely for the purpose of entering a settlement and final judgment in this matter:

> **Present and former Howard County Corrections Officers, as well as any former corrections officers who voluntarily resigned from employment, who attended one or more mandatory roll calls, but were not paid wages for the roll call time, at any time from July 22, 2020 to the present.**

The Class includes 19 individuals who previously filed Consent to Become Party Plaintiff forms with the Court after the Court entered an Order Granting Joint Stipulation conditionally certifying a stipulated FLSA collective action class. ([Filing No. 33](#).)

2.  In its Preliminary Approval Order, the Court previously appointed plaintiff Kelly R. Partlow ("Plaintiff") as the Class Representative and appointed Robert J. Hunt and Robert F. Hunt of The Law Office of Robert J. Hunt, LLC and Robert P. Kondras of Hassler Kondras Miller LLP as Class Counsel. ([Filing No. 102](#).)

3.  Pursuant to the Preliminary Approval Order, a Notice of Proposed Class Action Settlement and Final Approval Hearing (the "Class Notice") was sent to each Class Member by first-class U.S. Mail. The Class Notice informed Class Members of the terms of the Settlement, their rights under the Settlement, their right to object to the Settlement, their right to receive a Settlement Share, their right to opt out of the Settlement and pursue their own remedies, and their right to appear in person or by counsel at the final approval hearing and be heard regarding final approval of the Settlement. Adequate periods of time were provided by each of these procedures.

4.  The Court finds and determines that this notice procedure afforded adequate protections to Class Members and provides the basis for the Court to make an informed decision regarding approval of the Settlement based on the responses of Class Members. The Court finds

and determines that the notice provided in this case was the best notice practicable, which satisfies the requirements of law and due process.

5. No Class Member has objected to the Settlement and no Class Member has excluded herself from the Settlement.

6. The Court finds and determines that the terms of the Settlement, including the method of determining the Settlement Shares to the Class Members, are fair, reasonable, and adequate to each Class Member. The Parties dispute the validity of the claims in the action, and their dispute underscores not only the uncertainty of the outcome but also why the Court finds the Settlement to be fair, reasonable, and adequate.

7. The Court further finds and determines that the Class Members who have not opted out will be bound by the Settlement and this Final Approval Order and Judgment, that the Settlement is ordered finally approved, and that all terms and provisions of the Settlement should be and hereby are ordered to be consummated.

8. The Court hereby grants final approval to and orders the payment of the Total Settlement Amount of $400,000.00, and the payment of the Settlement Shares to be made to the Class Members participating in and bound by the Settlement out of the Net Settlement Amount in accordance with the Settlement.

9. The Court finds and determines that any and all Class Members who cash their Settlement Share checks will be deemed to have consented to join the collective action pursuant to section 16(b) of the Fair Labor Standards Act, 29 U.S.C. § 216(b) ("FLSA") and to have released any and all claims under the FLSA, the Indiana Wage Payment Statute ("IWPS"), and other state and local laws within the scope of the release set forth in section III.F.2 of the Settlement. However, a Collective Member who already consented to join the collective action pursuant to section 16(b) of the FLSA and thus is already a party to the Action will be deemed to have released any and all claims under the FLSA even if the Collective Member does not cash his or her Settlement Share check. As for the other Class Members who are not also Collective

Members, even if such Class Member does not cash his or her Settlement Share check, he or she will be bound by the Settlement and be deemed to have released all claims to the maximum extent permitted by law, including but not limited to all claims under the IWPS and other state and local laws within the scope of the release set forth in section III.F.2 of the Settlement, unless he or she timely submitted a valid Election Not to Participate in Settlement.

10. Settlement Share checks will expire and become non-negotiable after 180 days of mailing by the Settlement Administrator.

11. The Court finds and determines that the fees and expenses incurred by Analytics Consulting, LLC in administering the Settlement, in the amount of $5,000.00, are fair and reasonable. The Court hereby issues final approval to and orders that the payment of approximately that amount be paid out of the Total Settlement Amount in accordance with the Settlement.

12. In addition to any recovery that Plaintiff may receive from the Net Settlement Amount, and in recognition of the Plaintiff's efforts in prosecuting this matter on behalf of the Settlement Class, the Court hereby approves the payment of an incentive award to named Plaintiff Kelly R. Partlow in the amount of $10,000.00. This shall be paid from the Total Settlement Amount.

13. Pursuant to the authorities and argument presented to the Court, the Court approves the payment of attorneys' fees to Class Counsel in the sum of One Hundred Thirty Eight Thousand One Hundred Seventy-Two Dollars and Eighty-Nine Cents ($138,172.89), representing one-third of the Total Settlement Amount and $4,839.56 for expenses. This shall be paid from the Total Settlement Amount.

14. Without affecting the finality of this order in any way, the Court retains jurisdiction of all matters relating to the interpretation, administration, implementation, effectuation, and enforcement of this order and the Settlement.

15. Upon completion of administration of the Settlement, the Settlement Administrator will provide written certification of such completion to counsel for the parties.

Class Counsel, in turn, will file a notice with the Court confirming completion of the administration of the Settlement.

16. By operation of the entry of this Final Approval Order and pursuant to the terms of the Settlement, Plaintiff and all Class Members participating in and bound by the Settlement release the following claims:

> [A]ny and all past, present, or future claims, demands, disputes, allegations, rules or regulations, actions, proceedings, suits, debts, accounts, contracts, agreements, controversies, judgments, obligations, damages, liabilities, and any other causes of action of whatever nature, whether known or unknown, which the Class Member had, now has, or hereafter may have, or claim to have, against any of the Released Parties by reason of any act, transaction, practice, conduct, or omission arising out of, or related to, or based upon, in whole or in part, the allegations in the Action or the manner in which they were paid as home health employees at any time during the Covered Period ("Class Members' Released Claims"). Plaintiff and all Class Members' Released Claims include, but are not limited to, the following:
>
> a. All claims under the FLSA, the IWPS, the IWCS, the IWAA, any agency orders, and all other federal, state, and local laws for unpaid wages, including but not limited to regular wages, minimum wages, overtime wages, and compensation of any type, including claims relating to the timing or delay of payment of wages or other compensation relating to their work for Defendant during the Covered Period;
>
> b. All claims under the FLSA, the IWPS, the IWCS, the IWAA, any agency orders, and all other federal, state, and local laws for liquidated damages, exemplary damages, penalties, fines, attorneys' fees, costs, and other damages or relief of any type relating to their work for Defendant during the Covered Period;
>
> c. All claims for conversion, breach of contract, quantum meruit, unjust enrichment, theft of labor, or other common law causes of action related to any alleged failure to pay for work performed or to be performed for Defendant during the Covered Period;
>
> d. All claims for any other type of relief, including declaratory or injunctive relief, reasonably relating to the allegations in the Action during the Covered Period; and
>
> e. All related claims for interest reasonably relating to the allegations in the Action during the Covered Period.

17. The parties are hereby ordered to comply with the terms of the Settlement.

18. The parties shall bear his, her, its or their own respective attorneys' fees and costs except as otherwise provided in the Settlement.

The Court enters final judgment in the Action in accordance with the Settlement and this Order, subject to the Court's retention of continuing jurisdiction over the Action and the Settlement including, without affecting the finality of this order in any way, jurisdiction over all matters relating to the interpretation, administration, implementation, effectuation and enforcement of this order and the Settlement and all post-Judgment matters as may be appropriate under court rules or applicable law.

**IT IS SO ORDERED.**

Date: 3/5/2025

_____
Hon. Tanya Walton Pratt, Chief Judge
United States District Court
Southern District of Indiana

Distribution:

Blake J. Burgan
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
bburgan@taftlaw.com

Kristine Anne Gordon
TAFT STETTINIUS & HOLLISTER LLP (Indianapolis)
kgordon@taftlaw.com

Robert J. Hunt
LAW OFFICE OF ROBERT J. HUNT, LLC
rob@indianawagelaw.com

Robert F. Hunt
THE LAW OFFICE OF ROBERT J. HUNT, LLC
rfh@indianawagelaw.com

Robert Peter Kondras, Jr.
HASSLER KONDRAS MILLER LLP
kondras@hkmlawfirm.com

Andrew S. Murphy
TAFT STETTINIUS & HOLLISTER LLP
amurphy@taftlaw.com